TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00055-CV






Frank D. Mendicino, Appellant


v.


Texas Workforce Commission, Adecco USA Inc., Celestica Inc. and TALX, Appellees







FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY

NO. 04-0360-CC3, HONORABLE DONALD HIGGINBOTHAM, JUDGE PRESIDING





O R D E R

PER CURIAM

 Appellant Frank D. Mendicino has filed a motion seeking to be granted a
FedEx/Kinko's account under which he can make photocopies of various items in the record, with
the charges to be billed either to this Court or to appellee the Texas Workforce Commission. 
Mendicino asserts he is entitled to such an account under the statutes governing appeals from
worker's compensation determinations. (1) See Tex. Lab. Code Ann. § 207.007 (West 1996). Section
207.007 provides that an individual claiming benefits may not be charged a fee by the Commission
or a court. Id. § 207.007(a). The prohibition on fees, however, does not imply that the Commission,
this Court, or any other State agency has a duty to pay for expenses Mendicino incurs in pursuing
his claim. The legislature has carefully set out various funds managed by the Commission and
intended to be used "exclusively for the purposes of" the Texas Unemployment Compensation Act. 
Id. § 203.025 (West 1996); see id. § 203.001-.203 (West 1996 & Supp. 2004-05). Nowhere does
the Act provide that a claimant is entitled to have his expenses paid by the State; a claimant is only
entitled to have waived "fees" usually assessed against litigants. See, e.g., Tex. R. App. P. app.
("Order Regarding Fees Charged In Civil Cases"); Tex. R. Civ. P. 125-149 ("Costs And Security
Therefor"); see also Black's Law Dictionary 614 (6th ed. 1990) ("Fee" defined as "charge fixed by
law for services of public officers or for use of a privilege under control of government," "Court
fees" defined as "[t]hose amounts paid to court or one of its officers for particular charges that
typically are delineated by statute"). We therefore overrule Mendicino's second motion for a
FedEx/Kinko's account.

 Mendicino also seeks an extension of time to file his brief, asking for twenty-one days
from the date this Court rules on his motion for a FedEx/Kinko's account; appellees oppose
Mendicino's motion. Mendicino's brief was originally due on April 27, 2005. This Court granted
his first two motions for extensions of time, extending the deadline first to May 18, and then to June
8. Mendicino is hereby ORDERED to file his brief no later than July 29, 2005. No further
extensions will be granted. If Mendicino fails to timely file his brief, his appeal will be dismissed
for want of prosecution.

 It is ordered July 8, 2005.


Before Chief Justice Law, Justices Patterson and Puryear

Do Not Publish
1. This is the second motion Mendicino has filed seeking such an account. This Court
overruled his first motion on June 1, 2005.